## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LANDOR VALLEJO AMORES,** | **Civil Action No. 22-4908 (MCA)** |
| **Petitioner,** | |
| **v.** | **MEMORANDUM OPINION** |
| | **& ORDER** |
| **JOHN TSOUKARIS, et al.,** | |
| **Respondents.** | |

This matter has come before the Court on Petitioner's submission of a counseled Petition for a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241, which challenges his order of removal. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b). Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Id.*; *see also McFarland*, 512 U.S. at 856.

The Court assumes the truth of the following allegations in the Petition. Landor R. Vallejo is an Ecuadorian National who came to the U.S. in late 1980s when he was 16. Petition at ¶ 7. Petitioner was arrested on a drug-related offense in November 1998, and his counsel misadvised him as to the immigration consequences if he were to plead guilty to that offense. *Id.* at ¶ 10. Petitioner entered a guilty plea to the offense in September 1999, and he was placed in

removal proceedings, ordered removed, and removed from the United States in 2000. *Id.* at ¶¶ 11-13.

Petitioner reentered the U.S. in 2001 without inspection and continued to live in New Jersey with his family until January 2020, when he was arrested and placed in reinstatement proceedings. *Id.* at ¶14. Petitioner sought withholding of removal, which was denied by the Immigration Judge ("IJ"), and his appeal was summarily dismissed by the BIA. *Id.* at ¶ 15.

On March 30, 2022, the Superior Court of New Jersey granted Petitioner's motion to withdraw the 1999 guilty plea and ruled that the conviction was obtained in violation of Petitioner's Sixth Amendment and due process rights. *Id.* at ¶ 16.

Petitioner currently lives at home in New Jersey with his family, *id.* at ¶ 1, and it is unclear if ICE/DHS has plans to remove him from the United States.

Petitioner filed the instant habeas Petition through counsel on August 4, 2022. ECF No. 1. Petitioner argues that the reinstated 2000 final order of removal is null and void due to Gross Miscarriage of Justice and that jurisdiction lies with the District Court in this case because the jurisdiction stripping provisions of 8 U.S.C.§ 1252 violate the Suspension Clause. *See* Petition at 1-2.

Generally, under 28 U.S.C. § 2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that this custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). It is well established that § 2241(c)'s custody requirement is jurisdictional. *See id*; *see also Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

As explained below, the Court lacks jurisdiction over the Petition because Petitioner has not pleaded that he is "in custody" for purposes of § 2241 and because the relief he seeks is

barred under § 1252, notwithstanding his Suspension Clause arguments. Moreover, Petitioner has not shown that he is unable to reopen his immigration proceedings.

The "in custody" inquiry is made "at the time the petition was filed." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The limitation "has not required that a prisoner be physically confined" so long as the release is "not unconditional," *Osorio-Martinez v. Attorney General United States of America*, 893 F.3d 153, 161 (3d Cir. 2018) (citing *Maleng*, 490 U.S. at 491). In *Chong v. INS*, 264 F.3d 378, 382 (3d Cir. 2001), the Third Circuit relied on *Carafas* and construed "custody" broadly to find federal jurisdiction over the habeas petition of an immigration detainee who filed his habeas petition while detained and was subsequently removed. The Third Circuit has also interpreted the phrase "in custody" to permit jurisdiction where the petitioner was unquestionably in custody at a time when he actually requested that his attorney file a habeas petition, but was effectively prevented from doing so by his counsel's affirmative misrepresentations). *See Gutierrez v. Gonzales*, 125 F. App'x. 406, 416 (3d Cir. 2005).

Here, Petitioner states in the Petition that he was most recently detained by ICE in January 2020 pursuant to his reinstated order of removal and released in 2021. Petition at ¶ 18. Petitioner currently lives at home in New Jersey with his family, *id.* at ¶ 1. The Third Circuit has never expanded habeas jurisdiction in the immigration context to include petitioners who are not detained by DHS/ICE at the time they filed (or sought to file) their habeas petitions. Petitioner does not plead that he is currently detained by DHS or ICE or explain how he meets the "in custody" requirement. As such, the Court lacks jurisdiction over his Petition because Petitioner fails to meet the "in custody" requirement.

The Court also lacks jurisdiction over the Petition because Petitioner asks this Court to invalidate his reinstated order of removal, a request for relief that is not cognizable in a § 2241 Petition, notwithstanding Petitioner's Suspension Clause arguments.

The REAL ID Act fundamentally altered the manner in which aliens may seek review of orders of removal and stripped district courts of jurisdiction over § 2241 petitions challenging removal orders. *See* 8 U.S.C. § 1252(a)(5). Instead, "a petition for review ... [is] 'the sole and exclusive means for judicial review of an order of removal.'" *Verde-Rodriguez v. Att'y Gen.*, 734 F.3d 198, 201 (3d Cir. 2013) (quoting 8 U.S.C. § 1252(a)(5)).[1] The Third Circuit held in *Verde-Rodriguez* that a petition for review of a final order of removal must be filed within thirty days of the original final order of removal, and not within thirty days of the reinstatement of that order. 734 F.3d at 202-05. To avoid constitutional concerns with respect to the Suspension Clause, the court of appeals determined that those immigrants whose orders became final before the REAL ID Act went into effect could file their petitions within thirty days of the date the Act was passed; however, that extension of time had already expired when Verde-Rodriguez filed his petition. *Id.* at 204. Here, Petitioner did not file the instant habeas petition until approximately 22 years after his original order of removal and 17 years after the REAL ID Act was passed. As such, any currently filed petition for review would undoubtedly be deemed untimely pursuant to *Verde-Rodriguez*.[2] *See id.* at 203–05.

---

[1] 8 U.S.C. § 1252(g) also strips federal court jurisdiction over "any cause or claim by or on behalf of an alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." *Id.* That is, the statute precludes judicial review of ICE's prosecutorial discretion to engage in three discrete types of actions: to commence proceedings, to adjudicate cases, or to execute removal orders. *Reno v. Am. Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482-83 (1999).

[2] A transfer of this matter to the Court of Appeals would therefore not be in the interests of justice, and this matter must be dismissed.

Here, Petitioner directly asks this Court to invalidate his removal order, and appears to acknowledge that this Court's assumption of jurisdiction in this matter would violate the Third Circuit's binding decision in *Verde-Rodriguez*. Indeed, the petitioner in *Verde-Rodriguez* brought a habeas petition collaterally attacking his removal order, which had been reinstated pursuant to 8 U.S.C. § 1231(a)(5). 734 F.3d at 205-06. The Third Circuit concluded that a petitioner who "alleges errors on which the validity of the final order [are] contingent" is in effect challenging his final order of removal, and habeas jurisdiction is unavailable for such a claim.[3] *Id.* at 206–07. Therefore, *Verde-Rodriguez* forecloses Petitioner's attempt to collaterally attack his removal order, which was entered prior to the passage of the REAL ID Act, and limits such collateral attacks to those filed within 30 days after the passage of the Act, a deadline that has long expired.

Petitioner attempts to rely on the Suspension Clause to avoid the consequences of the REAL ID ACT. The Suspension Clause reads as follows: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art I, § 9, cl. 2. There is a two-part test for analyzing Suspension Clause violations, and the Court assumes without deciding that Petitioner is not prohibited from

---

[3] In addressing the jurisdiction stripping and related transfer provisions of the REAL ID Act, the Third Circuit has held that "only challenges that directly implicate the order of removal" are reserved to the circuit courts. *See Nnadika v. Attorney Gen. of U.S.*, 484 F.3d 626, 632-633 (3d Cir. 2007) (holding that "the District Court retains jurisdiction" where a non-citizen "does not challenge the administrative removal order"); *see also Verde-Rodriguez*, 734 F.3d at 205 (explaining that *Nnadika* held that the REAL ID Act did not apply when the petitioner challenged the Government's adjudication and rules concerning asylee relative petitions even though the denial of relief would result in deportation); *Vasquez v. Aviles*,5 639 F. App'x 898, 901 (3d Cir. 2016) (reiterating that *Nnadika* "held that the district court had jurisdiction to consider [the] petition" because the petition did not "directly implicate the order of removal," as it "point[ed] to no legal error in the final order of removal") (citing *id.* at 632–33); *see also Jennings v. Rodriguez*, —— U.S. ——, 138 S.Ct. 830, 840 (2018) (rejecting interpretation of § 1252(b)(9) so broad that it would render detention claims "effectively unreviewable" and risk depriving detainees of any meaningful chance for judicial review.) Here, however, Petitioner is directly challenging his removal order.

invoking the Suspension Clause.[4] If, as here, a statute is found to remove jurisdiction over a petitioner's habeas claim, the Court must then determine whether "Congress has provided adequate substitute procedures for habeas corpus." *Boumediene v. Bush*, 553 U.S. 723, 771 (2008); *see also Osorio-Martinez v. Att'y Gen. of U.S.*, 893 F.3d at 166; *Castro v. DHS*, 835 F.3d 422, 445 (3d Cir. 2016), cert. denied, ——— U.S. ———, 137 S. Ct. 1581, 197 L.Ed.2d 705 (2017). If such "adequate substitute procedures" are in place, the removal of habeas jurisdiction does not offend the Suspension Clause. *See Verde-Rodriguez*, 734 F.3d at 204.

In *Verde-Rodriguez*, 734 F.3d at 204, the Third Circuit also "conclude[d] that the Suspension Clause [did] not necessitate exercising jurisdiction" where Verde Rodriguez could have filed suit within the thirty-day window after the REAL ID Act's enactment. *See id.*; *see also Kolkevich v. Att'y Gen. of U.S.*, 501 F.3d 323, 337 (3d Cir. 2007) (addressing the Suspension Clause concern by granting those in the petitioner's situation thirty days after the passage of the REAL ID Act (until June 11, 2005) to file a petition for review, and holding that it lacked jurisdiction to review Kolkevich's claim because he had waited almost a year after the REAL ID Act's passage to file a petition for review).

Petitioner appears to contend that the Third Circuit's decision in *Verde Rodriquez* violates the Suspension Clause. This Court, however, may not assume jurisdiction over the instant Petition by finding that the Third Circuit's binding precedent violates the Suspension Clause. Only the United States Supreme Court could make that type of finding.

---

[4] The Supreme Court has set forth three relevant factors to evaluate whether a petitioner is prohibited from invoking the Suspension Clause: "(1) the citizenship and status of the detainee and the adequacy of the process through which that status determination was made; (2) the nature of the sites where apprehension and then detention took place; and (3) the practical obstacles inherent in resolving the prisoner's entitlement to the writ." *Boumediene v. Bush*, 553 U.S. 723, 766 (2008).

Moreover, Petitioner situation does not seem to be on all fours with that of the petitioner in *Verde-Rodriguez*. Petitioner alleges that his criminal conviction, which served as the basis for his removal order, was recently vacated by the state courts. Petitioner states that "[i]n the face of Third Circuit's clear interpretation of 8 U.S.C. § 1252 provisions in the collateral attack context, [he does] not think there are any substitute procedures available for those situated like Petitioner who are bringing collateral attacks based on recently discovered circumstances." Petition at ¶ 29.

Based on the limited facts provided by Petitioner, the Court disagrees that there are no potential avenues for Petitioner to seek to reopen his immigration proceedings. Under 8 U.S.C. § 1229a(c)(7), an immigrant may move to reopen his immigration proceedings. To do so, he or she must "state the new facts that will be proven at a hearing if the motion is granted" and include "affidavits or other evidentiary material." The regulations require that the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. §§ 1003.2(c); 1003.23(b)(3) (same). Importantly, if an individual seeks reopening to apply for relief from removal, the motion must include the relief application and supporting documents and should demonstrate that the person is prima facie eligible for the relief sought. 8 C.F.R. §§ 1003.2(c)(1); 1003.23(b)(3).

As a general matter, an immigrant may only file one motion to reopen, no later than ninety days after the date that the IJ's or the BIA's decision became final. *See* 8 C.F.R. § 1003.2(c)(2). "[T]he Regulations, however, allow[ ] the BIA to reopen or reconsider a case sua sponte at any time." *Aristy-Rosa v. Attorney General United States*, 994 F.3d 112, 114 (3d Cir. 2021) (quoting *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 474 (3d Cir. 2003)). Sua sponte

reopening is generally reserved for "exceptional situations." *Id.* (quoting *In re J-J-*, 21 I. & N. Dec. 976, 984 (B.I.A. 1997)). Here, Petitioner has not explained why he did not (or could not) file a motion asking the BIA to sua sponte reconsider his case based upon his newly vacated criminal conviction.[5]

In sum, the Court is without jurisdiction over this matter because Petitioner has not shown that he is "in custody," as required for habeas relief, and because *Verde-Rodriguez* forecloses Petitioner's collateral attack on his removal order and his Suspension Clause arguments. Moreover, Petitioner does not appear without any avenues for relief, as he may file a motion with the BIA, asking it to sua sponte reconsider his case based on his newly vacated criminal conviction.

**IT IS, THEREFORE**, on this  9th   day of February 2023,

**ORDERED** that the matter is dismissed for lack of jurisdiction, pursuant to the Court's screening authority under Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), for the reasons stated in this Memorandum and Order; and it is further

**ORDERED** that the Clerk of the Court shall mark this matter as CLOSED.

---

[5] The outcome of that motion to reopen may be subject to judicial review if the BIA applies the wrong legal standard. Circuit courts have jurisdiction over final orders of the BIA under 8 U.S.C. § 1252(a)(1). *See Garcia v. Att'y Gen.*, 665 F.3d 496, 502 n.4 (3d Cir. 2011). While circuit courts generally lack jurisdiction to review a BIA decision declining to exercise its discretion to sua sponte reopen a removal proceeding, *see Calle-Vujiles*, 320 F.3d at 475, the circuit court "may exercise jurisdiction to the limited extent of recognizing when the BIA has relied on an incorrect legal premise," *Pllumi v. Att'y Gen.*, 642 F.3d 155, 160 (3d Cir. 2011). "In such cases the circuit court can remand to the BIA so it may exercise its authority against the correct legal background." *Id.* (quotation marks omitted). Thus, the circuit court may review legal questions concerning the interpretation of the INA de novo. *Roye v. Att'y Gen.*, 693 F.3d 333, 339 (3d Cir. 2012); *see also Aristy-Rosa v. Attorney General United States*, 994 F.3d 112, 114 (3d Cir. 2021) (explaining same).

_____
Madeline Cox Arleo
United States District Judge